BATCHELDER, Circuit Judge,
Concurring in part and Dissenting in part.
CONCURRING IN PART, DISSENTING IN PART
I respectfully dissent from that portion of the majority opinion reversing the district court’s judgment in favor of the defendants in the “Quality Case.” I cannot agree with the majority’s interpretation of 31 U.S.C. § 3729(a)(2), which states in pertinent part: “Any person who ... knowingly makes, uses or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government .... ” The majority asserts that “There is nothing in this language to suggest that the claim must be shown to have been presented to the government, so long as it can be shown that the claim was paid with government funds.” I would read the term “[a] claim paid or approved by the Government” as creating a causal connection between the claim and the payment. Payment of a claim “by the Government” presupposes that the claim has been presented to the government as a request for that payment. The term “by the Government” is not the same as “with government funds.” The former connotes action; the latter mere association.
Consider a case in which the government contracts for a specific project with a prime contractor, which in turn contracts with a sub-contractor. In the ordinary course, the government pays the prime contractor in response to the bills submitted by the prime contractor. Those bills will include the bills submitted to the prime by the sub-contractor. So when a sub-contractor submits a false statement to the prime contractor, it is using that false statement to get its fraudulent claim paid by the government, albeit through the prime contractor. And the prime contractor is not merely paying the sub with government funds; rather, the prime contractor uses the sub’s claim to induce the government to pay the prime contractor’s bill, which includes the false claim. Critically,. the government determines whether to approve or deny the payment, or to provide or withhold the funds. Alternatively, suppose the prime contractor has been bankrolled by the government and given full authority to pay claims without resort to government approval. The subcontractor’s claim is actually paid “by the prime contractor,” albeit with government funds. But, in bankrolling the prime contractor, the government did not act in response to the claim. The government may not even know that the subcontractor made a claim. The subcontractor’s false statement did not induce the government to do anything. For purposes of inducing a response, presentment of the' claim to the government is necessary to initiate a causal relationship that is completed with an act (payment or approval) “by the Government.”
This distinction was explained — correctly, in my view — in Totten v. Bombardier Corporation, 380 F.3d 488, 497-502 (D.C.Cir.2004). In Totten, the claimant submitted the false claim to Amtrak, a non-governmental entity. Id. at 498-99. Amtrak was not an intermediary — Amtrak was bankrolled by the government, but had autonomy to pay whatever claims it liked without government involvement or approval. The Totten majority explained *628 that, even though Amtrak had federal funds to spend, Amtrak’s independence meant that the claim was paid by Amtrak, not “by the Government.” Id. at 502. The “government funds” nexus is too broad to survive the limiting language of “by the Government.” See id. at 496 (warning that such a “boundless” interpretation would include almost every college and university, due to federal grants).
As the above example should make evident, I also disagree with the majority’s statement that “reading presentment into (a)(2) would give it almost the same meaning as section (a)(1), rendering the latter largely superfluous.” Section (a)(1) addresses false claims presented directly to the government, while Section (a)(2) addresses false claims submitted through a messenger, despite a lack of scienter on the part of the messenger. Section (a)(3) addresses conspiracy, but I believe the previous analysis would apply as well to its particular language, which also creates an implicit causal connection between the claim and the government payment.
Finally, I disagree with the majority’s proposition that, under Section (a)(2), “the claim must have actually been paid.” To begin with, the plain language of Section (a)(2) applies to one who “knowingly makes, uses or causes to be made or used, a false record or statement.” All of those verbs are in the present tense. Section (a)(2)’s infinitive phrase “to get a ... claim paid” is simply an adverbial phrase modifying those verbs. That phrase explains the motive or reason for the making, using, or causing, and an ordinary reading of this language reasonably encompasses even an attempt to get a claim paid. The majority cites no authority to support the proposition that this section requires that the claim has already been paid or that mere submission of a false claim is insufficient, and in fact cites authority to the contrary. See, e.g., Rex Trailer Co. v. United States, 350 U.S. 148, 153 & n. 5, 76 S.Ct. 219, 100 L.Ed. 149 (1956); United States v. Rivera, 55 F.3d 703, 709 (1st Cir.1995) (“Indeed, a contractor who submits a false claim for payment may still be liable under the FCA for statutory penalties, even if it did not actually induce the government to pay out funds or to suffer any loss.”).
I would find the present case subject to the Totten distinction discussed above. If payment of the fraudulent claim was made by the shipyards (i.e., prime contractors) rather than “by the Government,” then Section (a)(2) imposes no liability. See Totten, 380 F.3d at 502; 31 U.S.C. § 3729(a)(2). As the district court found, and the majority quotes in footnote 3, the plaintiffs not only failed but actually refused to produce any evidence that any claim was presented by the shipyards to the government for payment. Without evidence that the government was ever requested to pay the claim, there is no basis to conclude that the government actually decided the claim one way or the other, or ever approved payment. As with Amtrak, payment by the shipyard, even using government funds, is not the same as payment “by the Government.” Therefore, I must also disagree with the majority’s conclusion in footnote 5. I would find that the plaintiffs failed to prove the causal connection necessary to demonstrate their prima facie case, and affirm the district court’s grant of judgment as a matter of law.
I concur in the remainder of the opinion.